FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 16 2018 ★

LONG ISLAND OFFICE

RECEIVED
MAY 16 2018
EDNY PRO SE OFFICE

DISTRICT COURT FOR THE UNITED STATES
OF NEW YORK

EASTERN DISTRICT

------------------------------------------------X

GARY JACOBS,

    Plaintiff,

vs.

THE STATE OF NEW YORK, SUFFOLK
COUNTY, JUDGE CHERYL JOSEPH
in official capacity, CHERYL JOSEPH
in personal capacity, SUFFOLK COUNTY COURT
OFFICER COSIMO ALI, SUFFOLK COUNTY
CHIEF COURT OFFICER EILEEN MALLON,
JOHN DOES 1-99, JANE DOES 1-99,

    Defendants.

------------------------------------------------X

Civil Case No._____

CV-18 2909

COMPLAINT

AZRACK, J.

JURY DEMAND

SHIELDS, M.J.

    Plaintiff Gary Jacobs, complaining of the defendants herein, the State of New York, County of Suffolk, a municipal corporation, Suffolk County Court of Claims Judge and Acting Supreme Court Justice, Cheryl Joseph in her official capacity, Cheryl Joseph in her personal capacity, Suffolk County Court Officer Cosimo Ali, Suffolk County Chief Court Officer Eileen Mallon as supervisor of Court Officer Cosimo Ali, and JOHN DOES 1-99, and JANE DOES 1-99 (the names John and Jane Doe being fictitious, as the true names are presently unknown), (collectively, "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

    1.  This is an action at law to redress the deprivation of rights secured to the Plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights,

1

privileges, and immunities secured to the plaintiff by the First Amendment Freedom of Press, Fourth, Fifth, Ninth and Fourteenth Amendments (and Privileges and Immunities Clause of Fourteenth Amendment, Section 1, Clause 2), and Privileges and Immunities Clause of Article IV, Section 2, Clause 1 of the Constitution of the United States, and by Title 42 U.S.C. §1983, 42 U.S.C. § 1985(3), 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1367 (1331 and 1343, 28 U.S.C. §1332, 28 U.S.C. §1367 (Supplemental jurisdiction) [arising under the law and statutes of the State of New York].

## JURISDICTION

2. Jurisdiction is invoked under the First Amendment Freedom of Press, Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States, and under Article IV, Section 2, Clause 1 of the Constitution of the United States.

3. This District Court is vested with authority pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985 et seq. This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1343. This Court is vested with authority to grant the requested declaratory judgment by operation of 28 U.S.C. §§ 2201 and 2202, and pursuant to Federal Rule of Civil Procedure 57. This Court is authorized to issue the requested injunctive relief pursuant to 42 U.S.C. §1983 and Federal Rule of Civil Procedure 65. This Court is authorized to award attorneys' fees pursuant to 42 U.S.C. § 1988, where applicable.

4. Supplemental Jurisdiction is invoked under 28 U.S.C. §1367 for pendent state claims for intentional and negligent infliction of emotional distress, harassment, assault and battery, outrageous conduct, in violation of New York State common law, and mandamus and prohibition under Article 78 of the New York CPLR.

5. As the deprivation of rights complained of herein occurred within the

Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) & (c).

## THE PARTIES

6. Plaintiff, Gary Jacobs, has an address located at 14 Ray Lane, Smithtown, New York 11787.

7. Defendant State of New York has offices located at 633 Third Avenue 38th Floor, New York, New York 10017.

8. Defendant municipal corporation of Suffolk County has offices located at Suffolk County Legislature, William J. Lindsay County Complex, William H. Rogers Building, 725 Veterans Memorial Highway, Smithtown, New York 11787.

9. Defendant Suffolk County Court of Claims Judge and Acting Supreme Court Justice Cheryl Joseph, in her official capacity, has offices located at John P. Cohalan, Jr. Courthouse, 400 Carleton Avenue, Central Islip, New York 11722.

10. Defendant Cheryl Joseph, in her personal capacity, resides in Massapequa, Long Island, New York.

11. Defendant Suffolk County Court Officer Cosimo Ali is located at John P. Cohalan, Jr. Courthouse, 400 Carleton Avenue, Room D-150, Central Islip, New York 11722.

12. Defendant Suffolk County Chief Court Officer Eileen Mallon is supervisor of Suffolk County Court Officers, with her location at John P. Cohalan, Jr. Courthouse, 400 Carleton Avenue, Room D-150, Central Islip, New York 11722.

13. All of the acts set forth herein were undertaken by Defendants under color of state law and under color of fraud. Defendants are sued in their official capacities, and where

indicated, are sued in their personal capacities. Each Defendant is a "policy maker" and have supervisory capacity with respect to policies challenged in this lawsuit.

## FACTUAL ALLEGATIONS

14. The time and place where and the manner in which the claim arose: At about 2:30 P.M. on May 16, 2017 in the vestibule of Suffolk County Court of Claims Judge Cheryl Joseph's courtroom, as well as the sixth floor hallway located at 400 Carleton Ave, Central Islip.

15. The conduct of Court officer Cosimo Ali, shield # 7839, was attributable to improper/negligent training and selection/supervision of a Court officer by the State of New York. Officer Ali's conduct caused Plaintiff to experience extreme emotional distress and fear of physical harm, false arrest, kidnapping by government agent, as well as assault and battery for false arrest.

16. On the above mentioned date, the Plaintiff, a member of the press, was in court reporting on the ongoing case of Dr. Carlos Rivera. Plaintiff has reported on this case on several court dates, without incident. On May 16, 2017, Plaintiff was not accompanied by a camera crew. Therefore, Plaintiff was not required to notify the court of his attendance. Plaintiff was just present with visible press pass, to sit in an open court to take notes.

17. When Judge Joseph left the bench, and court was in recess, Plaintiff was seated in the back of the courtroom. Plaintiff, whose cellphone was turned off except for the vibration part, felt his phone vibrate, so he walked out of the courtroom, into the vestibule and looked at his text message (not typing anything or making any calls).

18. Within seconds, Defendant Officer Ali stormed into the vestibule, and began yelling at the Plaintiff: "I am tired of you breaking MY rules". At which point Officer Ali reached for Plaintiff's chest to examine the press pass. Defendant Ali had no right to touch

4

Plaintiff's person or invade his personal space without probable cause.

19. Defendant Officer Ali stated that he doesn't care about the press pass as "it is fake" and "means nothing to me". Plaintiff then asked Officer Ali to please clarify what the rules were, as there was an attorney IN the same courtroom, in the same row that Plaintiff was sitting in (on the opposite side) and was using HIS cellphone.

20. Officer Ali then told Plaintiff that attorneys can have cellphones in the courtroom, but nobody else can. Plaintiff told him that he had a letter from a while back from Officer Honey, stating that either everyone or nobody was allowed to have a cellphone in the courtroom. Plaintiff asked Defendant Ali if that changed.

21. Defendant Ali yelled at Plaintiff so the whole courtroom could hear. Defendant Officer Ali yelled that it was "my court", and "I can make any rules I want". Plaintiff disputed Defendant Ali's claim, and asked him to clarify his statement since Plaintiff was not physically present in the courtroom, utilizing his cell phone, or even touching it for that matter, and didn't want to violate any rules.

22. A superior officer (with white shirt) who was nearby and heard the issue, did clarify to Defendant Officer Ali that Plaintiff was correct. Defendant Ali would not heed the directive of the supervising officer. The supervising officer repeatedly asked Officer Ali to step back into the court, but he would not, and kept yelling at Plaintiff, telling him that he was going to arrest him. Plaintiff asked Officer Ali on "what charges", and what his name and badge number were, since Defendant Ali had it covered up. Defendant Ali would only keep saying to Plaintiff that his name was "officer". Plaintiff later found out Ali's shield number was #7839. At this point, Plaintiff was becoming concerned for his own safety because Defendant Ali was acting totally irrational, had a crazed look on his face, and was becoming more agitated and angry towards Plaintif

5

23. Plaintiff told Defendant Ali that he was violating his (Plaintiff's) civil rights, and that Plaintiff would be filing a notice of claim against him.

24. With that, Officer Ali became extremely volatile and unhinged, screaming that Plaintiff threatened him. He was screaming at Plaintiff that he didn't "give a shit" about Plaintiff's television show. He was screaming that Plaintiff's press pass "didn't mean shit". Defendant Ali's exact words were: "I hate your fucking T.V. show, and your press pass means shit to me".

25. Defendant Officer Ali was screaming at Plaintiff that he was going to arrest Plaintiff, and take him to jail. Officer Ali asked his superior officer if what Plaintiff said to him about filing a complaint was a threat, and the superior officer said "No".

26. Plaintiff was never charged or arrested. However, he was blocked by Defendant Ali in the hallway from moving around by standing in front of him with his arms crossed after making physical contact. This would constitute not being free to go.

27. Plaintiff then DID comply from entering the courtroom. Plaintiff was, therefore, prohibited from exercising his First Amendment Right to Freedom of the Press in an open courtroom. Plaintiff was denied Equal Protection under the Law, as attorneys, and others, were only allowed to have cellphones on in the courtroom—according to Defendant Ali.

28. Plaintiff then waited in the hallway, as he was not permitted into the courtroom, as instructed by Officer Ali. At approximately 2:30 P.M., Plaintiff was standing in the hallway with 9 others. Officer Ali then waited for all the other court officers to leave the hallway. He then rapidly approached Plaintiff from over 200 feet away, in a non-congested hallway, with ample room to pass, crossed his arms and physically body-slammed and body-checked Plaintiff. This

was an assault and battery, as well as harassment perpetrated by Defendant Officer Ali. This occurred in front of five (5) witnesses.

29. To make matters worse, Plaintiff made several calls to the local Police Department, the Suffolk County District Attorney's office, Suffolk County Chief Administrative Judge Hinrich's office & the FBI. Plaintiff was told that Suffolk County did not have jurisdiction to take a report from him. Plaintiff was given the "run around".

30. After doing some research, Plaintiff was informed by the District Attorney's Office that Suffolk County Police had jurisdiction to take a complaint report. On February 10, 2018, Plaintiff went to the Suffolk County Police Department to file his complaint. Suffolk County court officers finally took the report. See true and correct copy of Audio Transcription of recording by Plaintiff at Suffolk County Police Department on February 10, 2018 as **EXHIBIT #1**.

31. Plaintiff asked the two court officers where there incident form was. Plaintiff was told that "we don't have one" and one of the officers said he was just going to take notes, because the one officer said he was "sent down" by "Hinrich's office". This was a lie, and months later, after the district attorney's office got involved, one was finally taken.

32. Plaintiff explained that he had been assaulted by Defendant Ali. The officer told him that since there allegedly no injuries, it was an internal affairs matter. Plaintiff was also told that an alleged internal affairs investigation of the matter between Plaintiff and Defendant Ali had occurred, but it was sealed. Plaintiff was then asked by the officer if internal affairs ever gave him a disposition. Plaintiff replied in the negative. The officer also told Plaintiff that they would give him a report when he was there making the complaint, and did not want to wait until business hours, because it would look like they were covering it up. Approximately 9 months

7

after the incident, the new story is that they will only do an internal investigation AFTER my lawsuit is settled.

33. As can be seen by the Transcript of the February 10, 2018 meeting with Suffolk County Police, clearly there is a cover up, as Plaintiff was given a "run around". It is interesting to note that Plaintiff filed his Complaint form with the New York State Unified Court System Office of the Inspector General on May 17, 2017. A true copy of said Complaint is attached hereto as **EXHIBIT #2**.

34. Five (5) days later, on May 22, 2017, Defendant Officer Ali filed a Field Report PDCS-1053c, Police Info, Central Complaint Number 2017-0294701, making unsupported allegations against Plaintiff that Plaintiff started a confrontation with him at the Suffolk County Courthouse, 400 Carleton Avenue, 1st District Court. Ali stated that there was no physical contact or threats, but made unsupported allegations that Plaintiff contacted Defendant Ali on Facebook Messenger and posted about his (Plaintiff's) complaint on the internet. Defendant Ali also alleged that an "Ira Scott" had also been posting about him on the internet. Apparently, the "Closed" box on the form was checked off. A true and correct copy of Defendant Officer Ali's incident Field Report is attached hereto as **EXHIBIT #3**.

35. Upon information and belief, based on discussion with a witness(es) from Americans For Legal Reform, who were there to support the litigant, Dr. Rivera, the court officer sergeant was asked why Plaintiff was unceremoniously removed from the courtroom and harassed. The sergeant told that person that he did so on Judge Joseph's orders.

36. According to what that person was told by the court officer sergeant, Judge Joseph instructed the court officer (s) to harass Plaintiff, so she could keep Plaintiff from the

court proceedings involving Dr. Rivera. Judge Joseph had Plaintiff blocked from entering her courtroom, without a hearing or affording Plaintiff due process, which is not only against the law, but is even against the courts own "rules"[1].

37. Plaintiff was not even a litigant in the matter. The courthouse is <u>not</u> the Judge's courthouse. It's the "people's courthouse".

38. In order for Plaintiff, as a member of the press, to be kept from the open courtroom, a hearing MUST be held.

39. Judge Joseph declared a mistrial, *sua sponte*, regarding Dr. Rivera's case, after the incident of Judge Joseph attempting to block Plaintiff, a member of the press, from the courtroom was brought to the attention of Supervising Judge Hinrichs. The Judge also declared the mistrial subsequent to the confrontation incident that occurred between Plaintiff and Defendant Ali.

40. Judge Joseph's actions to block and obstruct Plaintiff, a private citizen and member of the press, from the courtroom, are a violation of Plaintiff's First Amendment Rights to Freedom of the Press, and have a "chilling effect" on Freedom of the Press and First Amendment Right to Access the Courts.

41. Judge Joseph's action against Plaintiff, who was <u>not</u> a litigant before her, were done in the absence of all jurisdiction.

42. On May 18, 2017, Plaintiff filed a "Verified Notice of Intention To File A Claim" with the Attorney General of the State of New York.

## CAUSES OF ACTION

---

[1] 22 NYCRR §Part 131 *et seq.*, 22 NYCRR §Part 205.4, and the <u>First Amendment of the United States Constitution</u>.

# COUNT I

## 42 U.S.C. §1983

43. Plaintiff repeats the foregoing stated paragraphs 1-42 as if fully set forth herein.

44. Defendant Officer Cosimo Ali, acting under color of state law, deliberately and knowingly violated the rights of and punished Plaintiff in what amounted to false arrest, excessive use of force, assault and battery, malicious abuse of process, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, abuse of authority, pattern of harassment, conspiracy, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of due process rights.

45. Such conduct described herein violated Plaintiff's Rights under 42 U.S.C. §1983 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

46. As a result of the wrongful actions of Defendant Cosimo Ali, Plaintiff has sustained loss of reputation, intentional infliction and negligent infliction of emotional distress and embarrassment and has suffered and continues to suffer severe mental anguish, stress, humiliation and pain, has been damaged.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief determining Defendant Ali to be unfit to serve as a court officer and enjoining him from serving as a court officer.

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

e. Such other and further relief as the Court deems just.

# COUNT II

## 42 U.S.C. . §1983

## FIRST AMENDMENT: FREEDOM OF THE PRESS

47. Plaintiff repeats the foregoing stated paragraphs 1-46 as if fully set forth herein.

48. All Defendants violated and are continuing to violate the Free Press Clause of the First Amendment, which is incorporated and made applicable to the States by the Fourteenth Amendment of the Constitution of the United States, by categorically and specifically targeting members of the press, specifically Plaintiff in this instant matter, and refusing them/him access to the Courts of the New York Unified Court System, without cause or justification, without court order, and in violation of the First Amendment of the Constitution of the United States, New York Constitution, and New York laws.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief enjoining Defendants from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State;

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

e. Such other and further relief as the Court deems just.

## COUNT III

## 42 U.S.C. . §1983

## FIRST AMENDMENT: FREEDOM OF SPEECH

49. Plaintiff repeats the foregoing stated paragraphs 1-48 as if fully set forth herein.

50. Defendants violated and continue to violate the Free Speech Clause of the First Amendment, which is incorporated and made applicable to the States by the Fourteenth

11

Amendment of the Constitution of the United States, by categorically refusing to provide access to the Courts by individual members of the press and public, without cause or justification, without court order, and in violation of the First Amendment of the Constitution of the United States, New York Constitution, and New York laws.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief enjoining Defendants from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State;

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

e. Such other and further relief as the Court deems just.

## COUNT IV

## 42 U.S.C. §1983

### FIRST AMENDMENT: FREEDOM OF THE PRESS

51. Plaintiff repeats the foregoing stated paragraphs 1-50 as if fully set forth herein.

52. Defendant Judge Cheryl Joseph, under color of state law and under color of fraud, and in the absence of all jurisdiction, violated the Free Press Clause of the First Amendment, , which is incorporated and made applicable to the States by the Fourteenth Amendment of the Constitution of the United States, by categorically and specifically refusing and denying Plaintiff access to the Courtroom Defendant Joseph was presiding in, and harassing Plaintiff, without cause or justification, without court order, and in violation of the First Amendment of the Constitution of the United States, New York Constitution, and New York laws.

53. As a result of the wrongful actions of Defendant Cheryl Joseph, Plaintiff has sustained loss of reputation, intentional infliction and negligent infliction of emotional distress and embarrassment and has suffered and continues to suffer severe mental anguish, stress, humiliation and pain, has been damaged.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment against Defendant Judge Cheryl Joseph as follows:

a. For declaratory and injunctive relief enjoining Defendant Joseph from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State;

b. For declaratory and injunctive relief determining Defendant Joseph to be unfit to serve in the judiciary and enjoining her from serving as a Judge;

c. For compensatory damages in an amount to be determined at trial by jury;

d. For punitive damages;

e. For reasonable costs and counsel fees, if applicable;

f. Such other and further relief as the Court deems just.

## COUNT V

## 42 U.S.C. §1983

## FIRST AMENDMENT: FREEDOM OF SPEECH

54. Plaintiff repeats the foregoing stated paragraphs 1-53 as if fully set forth herein.

55. Defendant Judge Cheryl Joseph, under color of state law and under color of fraud, and in the absence of all jurisdiction, violated the Free Speech Clause of the First Amendment, which is incorporated and made applicable to the States by the Fourteenth Amendment of the Constitution of the United States, by categorically and specifically refusing and denying Plaintiff access to the Court room Defendant Joseph was presiding in, without cause or

justification, without court order, and in violation of the First Amendment of the Constitution of the United States, New York Constitution, and New York laws.

56. As a result of the wrongful actions of Defendant Cheryl Joseph, Plaintiff has sustained loss of reputation, intentional infliction and negligent infliction of emotional distress and embarrassment and has suffered and continues to suffer severe mental anguish, stress, humiliation and pain, has been damaged.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment against Defendant Judge Cheryl Joseph as follows:

a. For declaratory and injunctive relief enjoining Defendant Joseph from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press and Freedom of Speech to Access the Courts of New York State;

b. For declaratory and injunctive relief determining Defendant Joseph to be unfit to serve in the judiciary and enjoining her from serving as a Judge;

c. For compensatory damages in an amount to be determined at trial by jury;

d. For punitive damages;

e. For reasonable costs and counsel fees, if applicable;

f. Such other and further relief as the Court deems just.

## COUNT VI

## 42 U.S.C. §1983

## FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY

## AGAINST THE STATE OF NEW YORK AND COUNTY OF SUFFOLK

57. Plaintiff repeats the foregoing stated paragraphs 1-56 as if fully set forth herein.

58. Defendants State of New York and Suffolk County, a municipality, acting through the New York State Department of Public Safety, Michael Magliano, Chief of The

Department of Public Safety, and New York State Court Officers Academy, wherein Chief Joseph Baccellieri, Jr. Is the Chief of Training throughout the state and the Commanding Officer of the Academy, and Chief Court Officer of Suffolk County, Eileen Mallon, had/has actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline their court officers, as evidenced by the actions and temperament of Defendant Officer Cosimo Ali, concerning practices in the use of force, lawful search of individuals (especially members of the press) and/or their properties, obligation not to promote or condone perjury and/or assist in the false arrest, detainment, assault and battery, and harassment of innocent citizens (especially members of the press), without probable cause, and have failed to promulgate, put into effect and monitor the enforcement of appropriate rules and regulations, and proper training procedures and practices, to ensure that New York State Court Officers are properly trained in dealing with innocent members of the public.

59.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from this and other repeated occurrences of similar wrongful conduct.

60.     Defendants State of New York and municipality of Suffolk County have been sued and settled numerous lawsuits in the past that were made against New York State Court Officers. As such, they had notice of the issues concerning the conduct of officers like Defendant Ali and failed to do anything about it.

61.     Defendants State of New York and municipality of Suffolk County maintained and continue to maintain the above described policies, practices, customs or usages knowing full well that the policies, practices, customs or usages lead to improper conduct by Suffolk County Court Officers like Defendant Ali. In failing to take any corrective action in the past (especially

when dealing with members of the press), Defendants State of New York and Suffolk County acted with deliberate indifference, and their failure was a direct and proximate cause of Plaintiff's injuries described herein.

62. The actions of Defendants State of New York and Suffolk County, acting under color of state law, under color of fraud, deprived Plaintiff of his constitutionally protected substantive and procedural Due Process Rights, and rights, remedies, privileges and immunities under the laws and Constitution of the United States, treaties, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to Freedom of Speech, Freedom of the Press, Freedom of Access to the Courts, the right to be secure in his person and property, to be free from abuse of process, excessive use of force, free from unlawful arrest, detainment, assault and battery, harassment, and the right to due process.

63. By these aforementioned acts and actions, all Defendants, named and unnamed, have deprived Plaintiff of his rights secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States, in violation of 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief enjoining Defendants State of New York and Suffolk County, a municipality, from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State and having Defendants New York State and Suffolk County submit and commit to ongoing training programs in dealing with the public and the press to prevent further abuses of due process, equal protection under the law, and to prevent further abuses of constitutional rights;

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

Such other and further relief as the Court deems just.

# COUNT VII

## 42 U.S.C. §1985 (3) et seq.

64. Plaintiff repeats the foregoing stated paragraphs 1-63 as if fully set forth herein.

65. Defendants conspired among themselves and conspired with other individuals to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. §1983, and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, because he is a member of the press, and as aforementioned, attempted to cover up Defendant Joseph's directive to harass and remove Plaintiff from her courtroom by and through unlawful means. All Defendants conspired to give Plaintiff the "run around" in order to cover up the abuse and violations of Plaintiff's constitutional rights when he attempted to file an immediate complaint for the abuse and rights violations he suffered at the hands of Defendants Ali, Joseph, New York State, Suffolk County, Suffolk County Chief Court Officer Eileen Mallon, and others named and unnamed.

66. In light of the foregoing therefore, all Defendants, named and unnamed, engaged in a conspiracy designed to deprive Plaintiff of his constitutionally secured rights and federal rights in violation of 42 U.S.C. §1985 et seq.

67. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief enjoining ALL Defendants from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State and having Defendants New York State and Suffolk County submit and commit to ongoing training programs in dealing with the public and the press to prevent further abuses of due process, equal protection under the law, and to prevent further abuses of constitutional rights;

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

e. Such other and further relief as the Court deems just.

## COUNT VIII

## VIOLATION OF NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 6, 8, 11 & 12

68. Plaintiff repeats the foregoing stated paragraphs 1-67 as if fully set forth herein.

69. By reason of the foregoing statements of facts, by the unlawful arrest, detainment, assault and battery, harassment, abuse of process and abuse of authority, without court order or probable cause, Plaintiff's rights, remedies, privileges and immunities granted by the New York State Constitution, Article I, §6 (providing for due process), Article I, §8 (guaranteeing freedom of speech and press), Article I, §11 (prohibiting discrimination in civil rights and providing for equal protection of the laws), and Article I, §12 (prohibiting unreasonable searches & seizures), were violated.

70. In addition, all Defendants conspired among themselves and conspired with other individuals to deprive Plaintiff of his constitutional rights secured by Article I, §§ 6, 8, 11, and 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

71. All Defendants acted under pretense and color of state law, and under color of fraud, in their individual and official capacities and within the scope of their respective employments as judicial officers, officers, agents, or employees. All Defendants' acts were beyond the scope of their jurisdiction, they acted in the absence of all jurisdiction, they acted

without authority or law, and in abuse of their powers. All Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by Article I, §§ 6, 8, 11, and 12 of the New York Constitution.

72. All Defendants, their officers, agents, servants, and employees were responsible for the deprivation of Plaintiff's state constitutional rights.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief enjoining ALL Defendants from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State and having ALL Defendants submit and commit to ongoing training programs in dealing with the public and the press to prevent further abuses of due process, equal protection under the law, and to prevent further abuses of constitutional rights;

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

e. Such other and further relief as the Court deems just.

## COUNT IX

## OTHER NEW YORK TORTS

73. Plaintiff repeats the foregoing stated paragraphs 1-72 as if fully set forth herein.

74. The conduct of ALL of the Defendants, as described above, amounted to false arrest, false imprisonment/unreasonable detention in the courthouse outside of the courtroom, assault and battery, harassment, unlawful stop and frisk, unreasonable search and seizure, negligence, defamation, conspiracy, special injury, tortuous interference, abuse of power, fraud, intentional and negligent infliction of emotional distress, and negligent hiring and retention of

Defendants Ali, Joseph, Mallon, and as yet named and unnamed Defendants, a/k/a John Does 1-99 and Jane Does 1-99.

75. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Defendants, individually, jointly and severally.

**WHEREFORE,** Plaintiff Gary Jacobs demands judgment as follows:

a. For declaratory and injunctive relief enjoining ALL Defendants from interfering with Plaintiff's, and others similarly situated, First Amendment Freedom of the Press to Access the Courts of New York State and having ALL Defendants submit and commit to ongoing training programs in dealing with the public and the press to prevent further abuses of due process, equal protection under the law, and to prevent further abuses of constitutional rights;

b. For compensatory damages in an amount to be determined at trial by jury;

c. For punitive damages;

d. For reasonable costs and counsel fees, if applicable;

e. Such other and further relief as the Court deems just.

### DEMAND FOR TRIAL BY JURY

Pursuant to F.R.Civ.P. Rule 38 (b), Plaintiff Gary Jacobs demands a Trial by Jury.

Dated: Smithtown, New York
May 16, 2018

Gary Jacobs
14 Ray Lane
Smithtown, New York 11787
(516) 455-6631